IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

DECEMBER 1999 SESSION

FILED

January 27, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

STATE OF TENNESSEE,        )
                           )
          Appellee,        )      No. E1999-00991-CCA-R3-CD
                           )
                           )       Knox County
v.                         )
                           )      Honorable Richard R. Baumgartner, Judge
                           )
TIMOTHY JASON SOLOMON,     )      (Sentencing)
                           )
          Appellant.       )


For the Appellant:

Mark E. Stephens
District Public Defender
     and
R. Scott Carpenter
Assistant Public Defender
1209 Euclid Avenue
Knoxville, TN 37902

For the Appellee:

Paul G. Summers
Attorney General of Tennessee
     and
Patricia C. Kussmann
Assistant Attorney General of Tennessee
425 Fifth Avenue North
Nashville, TN 37243

Randall E. Nichols
District Attorney General
     and
Marsha L. K. Selecman
Assistant District Attorney
Post Office Box 1468
Knoxville, TN 37901-1468


OPINION FILED:_____


AFFIRMED

Joseph M. Tipton
Judge


**O P I N I O N**


        The defendant, Timothy Jason Solomon, appeals as of right from the

Knox County Criminal Court's imposition of consecutive sentences. Upon his guilty

pleas, the defendant was convicted of seven counts of burglary, a Class D felony. He received three-year sentences on each count with three counts to be served consecutively to the other four, constituting an effective sentence of six years in the custody of the Department of Correction. He contends that the trial court cannot use the present offenses to find that he has an extensive record of criminal activity as is required for consecutive sentencing under Tenn. Code Ann. § 40-35-115(b)(2).[1] We affirm the trial court.

The record reflects that the defendant burglarized the same Spur station four times and the same Pilot Oil station three times, stealing cash, beer, and cigarettes. Thirty-four years old at the time of sentencing, the defendant had a long history of drug and alcohol abuse. His criminal record began at age nineteen and includes multiple convictions for public intoxication, driving under the influence of an intoxicant, driving on a revoked or suspended license, disorderly conduct, and assault. He also has been previously convicted of burglary and possession of marijuana. The defendant essentially admitted that he committed the burglaries in order to get drunk and to get money for drugs.

The trial court enhanced the defendant's sentences based upon his criminal history and his history of unsuccessful attempts at release into the community for prior offenses. See Tenn. Code Ann. § 40-35-114(1), (8). In imposing consecutive sentences, the trial court found that the defendant had an extensive criminal history, which included the present burglary offenses; was a danger to the public; and needed to be imprisoned.

The defendant contends that the trial court erred in relying on his present offenses to impose consecutive sentences as an offender with an extensive criminal history as that phrase is used in Tenn. Code Ann. § 40-35-115(b)(2). He argues that -115(b)(2) only applies to an offender's past record and does not include the offenses for which the consecutive sentences are being considered. He states that there is a

---

[1]     (b)The court may order sentences to run consecutively if the court finds
        by a preponderance of the evidence that: . . . (2) The defendant is an
        offender whose record of criminal activity is extensive.
Tenn. Code Ann. § 40-35-115(b)(2)

conflict in opinions interpreting -115(b)(2) and that the proper interpretation limits application of -115(b)(2) to an offender's past history. We disagree.

Initially, we note that the trial court's consecutive sentencing decision was not based solely upon the defendant's present offenses. It expressly found that the defendant's previous offenses constituted an extensive criminal record. In fact, given the defendant's motives for the present burglaries, we believe that the defendant's prior criminal history, largely related to drug and alcohol abuse, justifies consecutive sentencing.

Furthermore, the defendant misapprehends the import of the opinions which he claims have conflicting interpretations. In State v. Rickey Crawford, No. 02C01-9806-CR-00169, Shelby County (Tenn. Crim. App. May 12, 1999), a majority of the court holds that -115(b)(2) applies regardless of whether the extensive criminal record relates to conduct before the present offenses or relates to conduct that includes the offenses for which sentencing is occurring. Accord State v. Rodney D. Palmer, No. 02C01-9804-CR-00111, Shelby County (Tenn. Crim. App. July 8, 1999), app. denied (Tenn. Jan. 3, 2000). Judge Hayes' separate opinion in Crawford regarding this issue states that -115(b)(2) should be limited to conduct involving the present offenses. Thus, the Crawford panel agreed that a defendant could receive consecutive sentences based upon extensive criminal conduct that comprises the offenses for which the defendant is being sentenced.

The defendant also notes that the Tennessee Supreme Court has sustained consecutive sentencing based upon a criminal record that existed before the commission of the offenses for which the sentences were being imposed. See State v. Pettus, 986 S.W.2d 540, 545 (Tenn. 1999). He argues that the opinion supports his interpretation of -115(b)(2). We disagree. The holding in Pettus in no way indicates that consecutive sentencing cannot be based upon the present offenses. Moreover, at the time of his sentencing, the defendant's "record of criminal activity" included the criminal activity for which he was being sentenced.

3

In consideration of the foregoing and on the record as a whole, we affirm the judgments of conviction.

_____
Joseph M. Tipton, Judge

CONCUR:

_____
David H. Welles, Judge


_____
Jerry L. Smith, Judge